UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DWAYNE E. BICE, | ) | CASE NO. 1:09 CV 2034 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FEDERAL BUREAU OF PRISONS, et al., | ) | AND ORDER |
| | ) | |
| Respondents. | ) | |

On September 1, 2009, petitioner pro se Dwayne E. Bice filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. Bice, who is incarcerated at the Federal Correctional Institution at Elkton, alleges that he has not been permitted outdoor worship in accord with his religious beliefs.

Habeas corpus is not the appropriate vehicle for challenging the conditions of one's confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Young v. Martin, No. 02-2518, 83 Fed.Appx. 107, 109 (6th Cir. Dec. 5, 2003); Okoro v. Scibana, No. 1322, 1999 WL 1252871 (6th Cir. Dec. 15, 1999). Further, to the extent petitioner seeks relief other than release,

the appropriate action would be to file a civil rights complaint.[1]

Accordingly, the petition for writ of habeas corpus is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

October 29, 2009

---

[1] To file a civil rights action, petitioner would be required either to pay the $350 filing fee or to file a prisoner account statement so that the court would have sufficient financial information to assess and collect the filing fee. 28 U.S.C. § 1915; McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).